| **ADVERSARY PROCEEDING COVER SHEET** | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Ronald D. Runyeon and Linda Sue Simmons | **DEFENDANT** <br> Mr. Cooper Group, Inc. |
| **ATTORNEY** (Firm Name, Address, and Telephone No.) <br> SoBro Law Group, PLLC. <br> 513 3rd Avenue South, Nashville, Tennessee 37210 <br> Phone: (615)988-9911 | **ATTORNEY** (If Known) |
| **PARTY** (Check One Box Only) <br> X Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> X Creditor ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
 **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
X 72 – Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-

Other (e.g. other actions that would have been brought in state court

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $15,000.00 |
| Other Relief Sought: Attorneys fees ||

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR <br> Ronald D. Runyeon and Linda Sue Simmons | BANKRUPTCY CASE NO. <br> 3:10-BK-12006 ||
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING <br> Middle District of Tennessee | DIVISION OFFICE <br> Nashville | NAME OF JUDGE <br> **Mashburn** |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFFS <br> Ronald D. Runyeon and Linda Sue Simmons | DEFENDANT <br> **Mr. Cooper Group, Inc.** | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) <br> */s/ Amy L. Wood* ||
|---|---|
| DATE <br> November 28, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Amy L. Wood |

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **RONALD D. RUNYEON and** | ) | **Case No. 3:10-BK-12006** |
| **LINDA SUE SIMMONS,** | ) | **Chapter 11** |
| | ) | **Judge Mashburn** |
| Debtors, | ) | |
| | ) | |
| **RONALD D. RUNYEON and** | ) | |
| **LINDA SUE SIMMONS** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MR. COOPER GROUP, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT FOR A VIOLATION OF THE DISCHARGE INJUNCTION OF 11 USC §524

Plaintiffs, Ronald D. Runyeon and Linda Sue Simmons, by and through undersigned counsel, file this action against Defendant, Mr. Cooper Group, Inc., seeking to secure permanent injunctive relief and other equitable relief, including restitution, disgorgement, attorney's fees incurred, and Fifteen Thousand and 00/100 Dollars ($15,000.00) in punitive damages, against the defendant for failing to maintain procedures ensuring compliance with bankruptcy discharge injunctions.

## PARTIES

1. Plaintiffs, Ronald D. Runyeon and Linda Sue Simmons are the debtors in the underlying bankruptcy case, In re Ronald D. Runyeon and Linda Sue Simmons, Case No. 3:10-BK-12006. The Plaintiffs are residents and citizens of Tennessee.

2. Defendant, Mr. Cooper Group, Inc., upon information and belief, is a Delaware corporation with its principal place of business in Wilmington, Delaware.

**JURISDICTION & VENUE**

3. Jurisdiction to entertain this proceeding is conferred upon this Court by 28 U.S.C. §151 and §157(b). Pursuant to 11 U.S.C. § 105(a), this Court may issue any order, process or judgment necessary or appropriate to carry out the provisions of this title.

4. Venue to entertain this proceeding is properly laid with this Court pursuant to 28 U.S.C. § 1408 and § 1409(a).

5. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

**STATEMENT OF FACTS**

6. On November 4, 2010, Ronald D. Runyeon and Linda Sue Simmons ("Plaintiffs") filed a petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Middle District of Tennessee Nashville Division, which was assigned Case No. 310-12006.

7. The Plaintiffs' Second Amended Plan of Reorganization was CONFIRMED and entered on November 2, 2011. ("Confirmation Order")

8. The Plaintiffs' Plan Payment Schedule ("Plan") per the Confirmation Order became a Final Order after fourteen (14) days, or November 16, 2011. The Effective Date of the Plan was March 15, 2012.

9. Section 2.6 of the Confirmation Order reads as follows, "Class 6 shall consist of the Allowed Secured Claim of Cenlar Central Loan Administration, now Ocwen Loan Servicing, LLC, ("Ocwen") in the approximate amount of $320,743.28 as of the Petition Date secured by a

first priority lien on residential rental property located at 4508 Park Avenue, Nashville, Tennessee." ("Class 6 Collateral")

10. The Confirmation Order allowed $255,000.00 to be modified so that it is amortized and payable over 360 months with fixed interest of five percent (5%) per annum.

11. From April 2012 through May 2013 Plaintiffs tendered fourteen (14) payments to Ocwen in the amount of One Thousand Nine Hundred Forty and 95/100 Dollars ($1,940.95) per month for a total of Twenty-Seven Thousand One Hundred Seventy-Three and 30/100 Dollars ($27,173.30).

12. In May 2013, Ocwen transferred the loan to Nationstar.

13. From June 2013 through February 2016 Plaintiffs tendered thirty-three (33) payments to Nationstar via check in the amount of One Thousand Nine Hundred Forty and 95/100 Dollars ($1,940.95) per month for a total of Sixty-Four Thousand Fifty-One and 35/100 Dollars ($64,051.35).

14. From March 2016 through July 2016 Plaintiffs tendered five (5) payments to Nationstar via online payment from Fifth Third Bank in the amount of One Thousand Nine Hundred Forty and 95/100 Dollars ($1,940.95) per month for a total of Nine Thousand Seven Hundred Four and 75/100 Dollars ($9,704.75).

15. The payment made in July 2016 for August 2016 was refused by Nationstar. Nationstar has alleged the payment had not been made in accordance with their requirements for online payments, however, no communication was made to Plaintiffs regarding this error at the time it occurred.

16. From August 2016 through December 2016 no payments were made due to the issues with the online payment method resulting in the Plaintiffs missing five (5) payments

totaling Nine Thousand Seven Hundred Four and 75/100 ($9,704.75).

17. In January 2017, Plaintiffs made an online payment in the amount of Nine Thousand Seven Hundred Four and 75/100 ($9,704.75) for the five (5) missed payments from August through December 2016. This payment cleared the Plaintiffs' bank account on January 18, 2017.

18. Since the account was brought current in January 2017, twenty-three (23) payments have been made online for the months of February 2017 through November 2018, totaling Forty-Four Thousand Six Hundred Forty-One and 90/100 Dollars ($44,641.85).

19. In total, Plaintiffs have made eighty (80) payments under the Confirmation Order for a total amount of One Hundred Fifty-Five Thousand Two Hundred Seventy-Six and 00/100 Dollars ($155,276.00).

20. In August 2017, Nationstar changed its name to Mr. Cooper.

21. Plaintiffs received a statement dated May 21, 2018, that showed the balances as follows: $226,052.63 principal balance; $823.56 escrow balance; $2,452.14 regular monthly payment, and a past due payment amount of $8,619.00. The total payment amount of $2,452.14 is broken down as follows: $426.11 principal, $941.89 interest, and $1,084.14 escrow (attached hereto as **Exhibit "A"**).

22. Plaintiffs received a statement dated June 19, 2018, that showed the balances as follows: $225,626.52 principal balance, reflecting a decrease of $426.11 from the previous month; $1,907.70 escrow balance, reflecting an increase of $1,084.14 from the previous month; $2,055.62 regular monthly payment, reflecting a decrease of $396.52 from the previous month; and a past due payment amount of $8,222.48, reflecting a decrease of $396.52 from the previous month. The total payment amount of $2,055.62 was broken down as follows: $427.89 principal,

an increase of $1.78 per month; $940.11 interest, a decrease of $1.78 per month; and $687.62 escrow, for a decrease of $396.52 (attached hereto as **Exhibit "B")**.

23. After receiving this statement, Plaintiffs sent a letter dated June 29, 2018, requesting the account be corrected (attached hereto as **Exhibit "C").**

24. Plaintiffs received a letter from Mr. Cooper dated July 9, 2018, indicating that the matter was under review and a formal response would be issued on or before August 17, 2018 (attached hereto as **Exhibit "D"**). No response was received as advised in this letter.

25. Plaintiffs received a statement dated July 18, 2018, that showed the balances as follows: $225,198.63 principal balance, a decrease of $427.89 from the previous month; $2,595.32 escrow balance, an increase of $687.62 from the previous month; $2,055.62 regular monthly payment, no change from previous month; and a past due payment amount of $8,222.48, no change from previous month. The total payment amount of $2,055.62 was broken down as follows: $429.07 principal, an increase of $1.18 from the previous month; $938.33 interest, a decrease of $1.78 from the previous month; and $687.62 escrow, no change from previous month (attached hereto as **Exhibit "E"**).

26. Plaintiffs sent another letter dated August 13, 2018, outlining the issues and requesting that the account be corrected (attached hereto as **Exhibit "F"**)

27. Plaintiffs received another letter from Mr. Cooper dated August 20, 2018, indicating that the matter was under review and a formal response would be issued on or before October 01, 2018 (attached hereto as **Exhibit "G"**). No response was received as advised in this letter.

28. Plaintiffs received a statement dated August 20, 2018, that showed the balances as follows: $224,768.96 principal balance, a decrease of $429.67 from the previous month;

$3,282.94 escrow balance, an increase of $687.62 from the previous month; $2,055.62 regular monthly payment, no change from previous month, and a past due payment amount of $8,222.48, no change from previous month. The total payment amount of $2,055.62 was broken down as follows: $431.46 principal, an increase of $2.29 from the previous month; $936.54 interest, a decrease of $1.79 from the previous month; and $687.62 escrow, no change from previous month (attached hereto as **Exhibit "H")**.

29. Plaintiffs have made numerous attempts to correct the account with Mr. Cooper, however, Mr. Cooper's statements continue to reflect four (4) missing payments, a large outstanding balance, and inconsistencies in the amounts due.

30. Mr. Cooper has changed the monthly payment in violation of the Plan, first from $1,940.95 to $2,452.14 and then from $2,452.14 to $2,055.62.

31. Mr. Cooper has refused to apply Plaintiffs payments correctly in violation of the Plan as evidenced by the statements indicating an outstanding balance even though all payments have been made and accepted.

32. Mr. Cooper has refused to grant the Plaintiffs access to their online account, which is preventing them from monitoring their account and forcing them to rely on the statements provided by Mr. Cooper.

## CLAIMS

### I. Violation of Court Order

#### A. Mr. Cooper violated 11 U.S.C.A. § 1141(a).

33. Once a Chapter 11 plan is confirmed, it is binding not only upon the debtor, but upon all claimants dealt with under plan. *In re Turner*, 221 B.R. 920 (1998). Bankr. Code, 11 U.S.C.A. § 1141(a).

34. Section 1141(a) provides: "Except as provided in subsection (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner has accepted the plan. 11 U.S.C. §1141(a)(2010)

35. When Ocwen transferred Plaintiffs' debt to Mr. Cooper, Mr. Cooper became bound by the Confirmation Order in accordance with Section 1141(d)(1)(A)(iii).

36. Mr. Cooper has failed to abide by the Confirmation Order. Plaintiffs have provided Mr. Cooper with several certified copies of the Confirmation Order and the Plan Payment Schedule.

37. Mr. Cooper is in violation of Section 1141(a) by failing to acknowledge and abide by the terms of the Plan Payment Schedule and the Confirmation Order entered by this Court.

38. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" 11 U.S.C. §105(a). Relief under Section 105 of the Bankruptcy Code is particularly appropriate in a Chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of a debtor's estate.

39. Mr. Cooper's willful violations of the Confirmation Order and Plan Payment Schedule have affected Plaintiffs ability to properly conduct their business and manage their properties.

40. Mr. Cooper has violated the Confirmation Order by failing to correctly apply payments as required by the Confirmation Plan.

41. Plaintiffs are entitled to relief for Mr. Cooper's violation of the Confirmation Order because Mr. Cooper knowingly and willfully violated the plan.

### B. Mr. Cooper Violated 11 U.S.C. §524

42. Because the violations under 11 U.S.C. §105(a) and 11 U.S.C. § 524 are willful, the Plaintiffs seek sanctions for Mr. Cooper's violation of the Court's Order and the §524 discharge provision.

43. Plaintiffs are permitted to sue pursuant to §105 for violations of the Court's orders and the §524(i) Discharge Provision.

44. §524(a) of the Bankruptcy Code provides that a discharge acts as an injunction against acts of a creditor as defined in 11 U.S.C.A. §524(a)(1-3). See *Hardy v. United States, Internal Revenue Service (In re Hardy)*, 97 F.3d 1384, 1388-89. (inherent contempt power of Court may be used to award damages based on injunction violation).

45. §524(a) deems misapplication of plan payments a violation of the discharge injunction. §524(i) states:

> "the willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments require to be made under the plan in the manner required by the plan (including the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor".

46. Plaintiffs have timely tendered payments to Mr. Cooper as required by the Confirmation Order and Plan Payment Schedule.

47. Mr. Cooper has failed to properly credit payments made under the plan, which constitutes a violation of an injunction under §524(a)(2).

48. To be held in civil contempt for violating order of bankruptcy court, the offending party must have knowingly and willfully violated a definite and specific order of court.

49. Mr. Cooper has willfully violated the Confirmation Order by refusing to apply Plaintiffs payments correctly as required by the Plan Payment Schedule despite Plaintiff providing Mr. Cooper with several certified copies of the Confirmation Order, Plan Payment Schedule, and proof that there are no outstanding payments.

50. In bringing this action for violation of the discharge injunction, Plaintiffs have incurred attorney's fees and costs.

51. Plaintiffs are entitled to entry of a temporary and/or permanent injunction under 11 U.S.C. § 105 prohibiting Mr. Cooper from collecting debt not in accord with the Confirmation Order.

52. Pursuant to their authority to enter any necessary or appropriate orders, bankruptcy courts may award punitive sanctions for violations of their orders. Bankr. Code 11 U.S.C.A. §105(a)

## II. Violation of Fair Debt Collection Practices Act, 15 USC § 1692f(1)

53. Among other things, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(f)(i), precludes a debt collector from collecting any amount, including a collection fee or interest, unless collection of that amount is expressly authorized by the agreement creating the debt or by law.

54. Mr. Cooper violated 15 USC § 1692f(1) by attempting the collection of amounts not expressly authorized by the agreement creating the debt or permitted by law.

55. Mr. Cooper violated 15 USC § 1692f(1) by attempting to collect payments that have already been made due to their failure to correctly apply payments.

56. Mr. Cooper violated 15 USC § 1692f(1) by attempting to collect payments that do not conform with the Confirmation Order and the Planned Payment Plan.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs having set forth the claims for relief against the Defendant respectfully prays of the Court as follows:

A. A finding that the Defendant has willfully and knowingly failed to comply with the Confirmation Order and Plan Payment schedule as required by this honorable court.

B. The issuance of a judgment requiring Defendant to immediately remedy Plaintiffs account as requested.

C. The issuance of a judgment for reasonable attorneys' fees and costs incurred in the previous attempts to reconcile this matter and in bringing this action.

D. The issuance of a judgment for punitive damages in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00).

E. That Plaintiffs recover any further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Amy L. Wood*
AMY L. WOOD
SOBRO LAW GROUP, PLLC
513 3rd Avenue South
Nashville, TN 37210
Phone: (615) 988-9911
Facsimile: (615)988-9922
awood@sobrolaw.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

On November 28, 2018, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Mr. Cooper Group, Inc.
8950 Cypress Waters Blvd
Coppell, Tx 75019-4620

Mr. Cooper Group, Inc.
Mr. Cooper
P.O. Box 619098
Dallas, TX 75261

Mr. Cooper, Inc., via Corporation Service Company
2908 Poston Ave
Nashville, Tn 37203-1312

                                              /s/ Amy L. Wood
                                              Amy L. Wood